IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMINGTON FINANCE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BLUE STAR FINANCIAL SERVICES, | : | |
| INC.; VILLAGE FINANCE GROUP, LLC; | : | |
| AND THE VILLAGE DEVELOPMENT | : | |
| GROUP, LLC | : | NO. 07-3489 |

### O R D E R- MEMORANDUM

**AND NOW**, this 9th day of January, 2008, upon consideration of the Motion to Dismiss of Village Finance Group, LLC and The Village Development Group (Docket No. 9), Plaintiff Wilmington Finance Inc.'s Motion to Amend the Complaint (Docket No. 12), and all documents filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Amend the Complaint is **GRANTED.** The Clerk of Court shall docket the Amended Complaint that is attached to the Motion to Amend.

2. Defendant's Motion to Dismiss, which addresses Plaintiff's initial Complaint, is **DISMISSED AS MOOT**.

Plaintiff Wilmington Finance, Inc. ("Wilmington") commenced this action against Defendants Blue Star Financial Services, Inc. ("Blue Star"), Village Finance Group, LLC ("Village Finance"), and the Village Development Group, LLC, asserting claims of breach of contract and negligent misrepresentation. The claims arise out of a contractual business relationship between Blue Star and Wilmington whereby Blue Star, a residential mortgage broker, was to provide Wilmington with mortgage packages for the possible origination of mortgage loans. Village Finance and Village Development Group, LLC (the "Village Defendants") were included as defendants on the breach of contract claim because, according to the Complaint, they purchased Blue Star in 2006.


(Compl. ¶¶ 28-29.)

On October 2, 2007, the Clerk entered default against Blue Star. One week later, the Village Defendants filed a Motion to Dismiss the Complaint. Plaintiff opposes the dismissal motion and has filed a Cross-Motion to Amend the Complaint. The proposed Amended Complaint would add allegations supplementing Plaintiff's breach of contract claim against the Village Defendants, including allegations that the Village Defendants assumed all of the stock, assets and liabilities of Blue Star in a September 22, 2006 Stock Exchange Agreement and that the Village Defendants and Blue Star had many of the same individuals in key management positions at all relevant times. (Am. Compl. ¶¶ 5, 30.) The proposed Amended Complaint would also add a claim against Village Finance and Blue Star for violation of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa. Cons. Stat. Ann. § 5101 *et seq.*, based on new allegations that after Village Finance learned of Wilmington's claims against it, it effectuated a return transfer of Blue Star's stock in order to avoid the claims, and that in doing so, it rendered Blue Star insolvent and unable to repay Wilmington on its own. (Am. Compl. ¶¶ 48-53.)

Under Federal Rule of Civil Procedure 15(a), a "party may amend the party's pleading once as a matter of course . . . before being served with a responsive pleading . . . ." For purposes of Rule 15(a), a motion to dismiss does not constitute a "responsive pleading." Kelly v. Delaware River Joint Commission, 187 F.2d 93, 94 (3d Cir. 1951). Plaintiff has not previously amended its Complaint and, therefore, was not required to seek leave to amend. Accordingly, Plaintiff may amend its Complaint as a matter of right, and we grant the Motion to Amend on that basis. Having done so, we dismiss the Village Defendants' Motion to Dismiss as moot, as that motion addresses the original complaint, which is no longer operative.

We recognize that the Village Defendants have argued in their opposition to the Plaintiff's motion that the proposed amendments are futile. Futility in this context "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, we apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). Id.

According to the Amended Complaint, Plaintiff and Blue Star entered into a February 6, 2004 Broker Agreement (the "Agreement") pursuant to which Blue Star would submit mortgage packages to Plaintiff for the possible origination of loans. (Am. Compl. ¶ 10.) In the Agreement, Blue Star made various representations and warranties regarding the mortgage packages that it would submit, including that all of the information supplied therein would be true, accurate and complete. (Id. ¶¶ 12-14.) The Amended Complaint asserts that Blue Star breached the Agreement by, among other things, providing Plaintiff with false and inaccurate information. (Id. ¶¶ 18-26.) The Amended Complaint further asserts that the Village Defendants are likewise liable for breach of contract, because (1) Village Finance purchased all of Blue Star's stock, assets and liabilities pursuant to a Stock Exchange Agreement dated September 22, 2006, (2) Village Finance was in a partnership with Blue Star, and (3) following the transaction, Blue Star and the Village Defendants shared many of the same key managers. (Id. ¶¶ 5, 29-30.) Finally, as explained above, the Amended Complaint asserts that Village Finance and Blue Star are liable for a fraudulent conveyance under PUFTA, based on Village Finance's return transfer of Blue Star's stock after Plaintiff's assertion of its claims.

In its opposition to Plaintiff's Motion to Amend, the Village Defendants argue that the Amended Complaint is futile because its theories of liability are "suspect," the Village Defendants did not assume Blue Star's liabilities, there are no grounds to pierce the corporate veil, and there was

no fraudulent transfer. These arguments are largely factual and thus inappropriate at this early stage of the proceedings. Furthermore, at this stage, we find the allegations of the Amended Complaint, viewed in the light most favorable to the Plaintiff, see Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir.1985), to be sufficient to survive the Village Defendants' futility arguments. With respect to the breach of contract claim, the Amended Complaint makes clear that Plaintiff seeks to reach the Village Defendants either on an assumption of liability theory or as Blue Star's successor, alter ego, corporate parent and/or partner, and it alleges the basic facts necessary to support these theories. As such, the Amended Complaint sets forth a successor liability claim that is at least plausible on its face. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); see also Central Nat. Gottesman v. Pemcor, Inc., Civ. A. No. 01-3203, 2001 WL 1198659, at *1 (E.D. Pa. Oct. 5, 2001) ("While defendants contend that the necessary . . . . elements for imputing liability to a successor company are missing, these elements need not be established at this early stage.") (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001)); id. (stating that "invoking [alter ego and piercing the corporate veil] theories in a complaint and proceeding on them is not the proper subject of a dismissal motion").

      The Village Defendants also contend that Plaintiff's fraudulent conveyance claim is futile, because a claim for actual fraud pursuant to section 5104(a)(1) of PUFTA requires that the plaintiff be a creditor of defendant and here, Plaintiff has failed to allege that it was Village Finance's creditor. See 12 Pa. C.S.A. § 5104(a)(1) ("A transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligations . . . with actual intent to hinder, delay or defraud any creditor of the debtor.") However, we find this argument meritless, as

the plain thrust of the Amended Complaint is that Village Finance became liable to Plaintiff for Blue Star's debt.  Accordingly, we reject the Village Defendants' assertions that the Amended Complaint is futile on its face.

BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.